No. 24,237.

CHARLES A. KLOPFENSTEIN, *Appellee*, v. THE UNION TRACTION COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Unguarded Excavation in Street—Findings—Meaning of the Word "Accident."* In an action for damages for personal injuries sustained by an automobile driver on a public street, when his automobile went into an unguarded excavation between the rails of the defendant's track, the jury found for the plaintiff. The court instructed the jury that, in order to recover, the plaintiff must prove the injury was the result of the defendant's negligence, and not the result of an accident which the defendant could not have foreseen and guarded against, and defined "accident" as an unforeseen event not the result of negligence of the party. The plaintiff was charged with contributory negligence and, in a series of special findings relating to his conduct, the jury returned the following:

"8. Were the plaintiff's injuries, if you find that he sustained any, the result of an accident? A. Yes."

*Held,* the finding should be interpreted as meaning an accident so'.far as the plaintiff was concerned, and so interpreted, the finding was consistent with the instructions, with the other findings, and with the general verdict.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed February 10, 1923. Affirmed.

*John J. Jones,* of Chanute, and *Chester Stevens,* of Independence, for the appellant.

*James A. Brady,* of Cherryvale, and *Lester G. Seacat,* of Independence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained by an automobile driver on a public street, when his automobile went into an excavation between the rails of the defendant's track. The plaintiff recovered, and the defendant appeals.

The petition, the instructions to the jury, and the special findings and general verdict of the jury, are brought up, and the complaint is, the special findings are inconsistent with the general verdict.

The petition described the excavation, alleged that, at the close of the day on December 19, 1918, it was left unguarded by lights or barricades, and continued as follows:

"That, at about the hour of 7:30 o'clock p. m. of said ·day, the appellee, while driving his automobile in a westerly direction along the north or right-hand side of said Main street, came up behind a horse-drawn vehicle and, in passing around said vehicle, appellee turned to the left and drove over said obstruction and into said excavation, without any warning or knowledge thereof; that he was an experienced driver of automobiles; that his headlights were lit, and he was driving not to exceed twelve miles per hour, and was in perfect control of his car; that, because of the darkness and the sharpness of the turn necessary in passing the horse-drawn vehicle, it was impossible for · him to see or be aware of said excavation until his car was lodged therein."

The answer charged contributory negligence, in driving without lights and at an unlawful rate of speed. Two instructions read as follows:

"9. To entitle plaintiff to a recovery in this .action, he must show you by the evidence that the injury complained of was occasioned by the carelessness and negligence of the defendant as alleged and set up in the petition, and was not the result of an accident that could not have been foreseen and guarded against by the exercise of ordinary and usual care and prudence on the part of the defendant.

"10. An accident is an inevitable casualty, or the act of Providence, or such unforeseen events, misfortunes, losses, acts or omissions as are not the result of carelessness, negligence, or misconduct of the party."

The special findings follows:

"Q. 1. Was the plaintiff, at the time and immediately before he alleges he ran into the obstruction, driving his car without headlights? A. No.

"Q. 2. Immediately before the plaintiff ran into the obstruction as alleged in his petition, at what rate of speed was he driving his automobile? A. About ten miles.

"Q. 3. Was the dirt and other material from the excavation between the rails piled a foot and a half to two feet high on each side of the track? A. Yes.

"Q. 4. On the night plaintiff alleges he was injured, was there an electric street light burning at or near the place of the accident? A. Yes.

"Q. 5. If you answer the last question 'yes,' did the street light light up the street where the obstruction was so that the obstruction could be seen by the driver of an automobile, if he was exercising ordinary care? A. No.

"Q. 6. Was the plaintiff, at the time and just before he alleges he was injured, looking in the direction in which he was driving? A. Yes.

"Q. 7. If you answer the last question 'yes,' what prevented him from seeing the obstruction? A. The obstruction not lighted with danger signal.

"Q. 8. Were the plaintiff's injuries, if you find that he sustained any, the result of an accident? A. Yes.

"Q. 9. Could the plaintiff, by the exercise of ordinary care on his own part, have prevented the accident? A. No."

The argument is that the jury was bound by the definition of the word accident contained in the instructions. It must be assumed the jury understood the word, as used in question 8, as having the meaning given it by the instructions. Therefore, the jury found the defendant liable by its general verdict, and found the defendant not liable by the answer to question 8. The court is of opinion that, under the definition of the word accident, and the application of the definition, in the instructions, finding 8 was correct, and was consistent with the general verdict.

In the case of *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793, the court was called on to consider the meaning of the word accident as contained in the workmen's compensation act, and so to consider the meaning of the word generally. In the opinion it was said:

"The word accident does not have a settled legal signification. It does have, however, a generally accepted meaning, which is the same whether considered according to the popular understanding or the approved usage of language. An accident is simply an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force. The word undesigned must not be taken too liter-

Klopfenstein v. Traction Co.

ally in this connection, because a person may suffer injury accidental to him, under circumstances which include the design of another. The same warning may be extended regarding other elements of the definition; but as definitions go, the one here proposed is correct, at least for present purposes." (p. 773.)

It may be added that the word is popularly and properly used in its true etymological sense of that which falls to or happens, without implication of more than just the event; as, for example, "The accident occurred at seven o'clock in the evening." In two instructions to the jury other than those quoted, the district court used the word in this sense, and whoever prepared the special questions did so in questions 4 and 9.

For the purposes of this case, the matter of what may be designated an accident was reduced to a certainty by instruction 10. It will be observed the instruction closes with the words, "the party." There were two parties to the case, the plaintiff and the defendant, and so, in determining whether or not the occurrence was accidental, it was proper to distinguish between the parties. The distinction was made in instruction 9. The jury was told that, to entitle the plaintiff to recover, the injury must have been occasioned by negligence and not by accident, on the side of the defendant. The plaintiff was charged with contributory negligence, and all the special findings relate to him: Was he driving without headlights; was he driving too fast; was the excavated material piled up so high on each side of the track, and did the street light so illuminate the place, that he ought to have seen the obstruction; was he looking; what prevented him from seeing; and then, was it an accident that caused his injury? The implied alternative was, or was it negligence on his part? The jury said it was an accident. The jury must be credited with intelligence, not stupidity. It was warranted in assuming the questions were consistent with each other, and that No. 8, like those which preceded it, referred to the plaintiff, and not, by sudden jump to the other side of the case, to the defendant. So understanding it, the jury answered it consistently with the instructions, with the other findings, and with the general verdict.

The defendant says the plaintiff was required to have lights sufficient to enable him to see objects ahead of him, and to have his car under such control that he could stop in time to avoid obstructions revealed by whatever lights he had; and consequently, he must have been guilty of contributory negligence, as a matter of law. The court properly instructed the jury the plaintiff could assume the

street was reasonably safe for travel. He was not obliged to anticipate that, in turning aside to pass a vehicle in front of him, he would land in an unguarded excavation. From the description of the accident contained in the petition, he fell into the excavation immediately upon turning his lights toward it, and it must be assumed there was sufficient evidence to sustain finding No. 9.

The judgment of the district court is affirmed.