No. 34,700

EFFA H. McGUIRE, *Appellee*, v. HUDSON McGUIRE and
RUTH McGUIRE, *Appellants*.

(103 P. 2d 884)

Opinion filed July 6, 1940.

*Benjamin F. Endres*, of Leavenworth, and *Richard A. Barber*, of Lawrence, for the appellants.

*Lee Bond* and *James N. Snyder*, both of Leavenworth, for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellee was in the home of appellants, her son and daughter-in-law, taking care of their baby while they were away for a few hours. She stepped on a small, soft rug, lying on the waxed floor, slipped and fell, breaking her hip and suffering other injuries. She brought action to recover damages from her son and daughter-in-law, and from a judgment in her favor defendants appeal.

The jury brought in a general verdict for the plaintiff, assessed damages in the sum of $2,214 and answered special questions as follows:

"1. Had the plaintiff, Effa H. McGuire, been present in the home of the defendants on many occasions prior to May 23, 1937? A. Yes.

"2. Did the plaintiff, Effa H. McGuire, know that the floors of the defendant's house were constructed of hardwood, and did she know or could she have known by the exercise of ordinary observation that the surfaces were maintained in a waxed condition at all times? A. Yes.

"3. Did the plaintiff, Effa H. McGuire, know before the accident of May 23, 1937, of the presence of the small rug on the hallway floor in front of the bathroom door on the second floor of the defendant's home? A. No.

"4. Did the plaintiff, Effa H. McGuire, know before the accident of May 23, 1937, that such a small rug will sometimes slip when stepped upon? A. No.

"5. Was the plaintiff, Effa H. McGuire, in defendant's home at the time of the accident on May 23, 1937, because of (a) social considerations and her relationship to the defendants? or (b) because of business or beneficial reasons? A. Beneficial.

"6. Is it customary for persons living in Leavenworth, Kan., and vicinity who have hardwood floors in their homes to maintain the surfaces of the floors in a polished condition by the use of floor wax? A. Yes.

"7. If you answer question number (6) 'Yes,' state whether it is customary in Leavenworth, Kan., and vicinity to use small, unattached throw rugs on such polished floors. A. It is optional.

"8. Were the injuries received by the plaintiff, Mrs. Effa H. McGuire, the result of an unavoidable accident? A. Yes.

"9. Was the defendant Ruth McGuire guilty of negligence which caused the injuries which were received by the plaintiff, Mrs. Effa H. McGuire? A. Yes.

"9½. If you answer question number 9 'Yes,' state in what such negligence consisted. A. By not warning plaintiff.

"10. Was the defendant, Hudson McGuire, guilty of negligence which caused the injuries which were received by the plaintiff, Effa H. McGuire? A. Yes.

"10½. If you answer question number 10 'Yes,' state in what such negligence consisted. A. By not warning the plaintiff.

"11. State the name of the owner of the premises in which the defendants reside. A. Ruth McGuire.

"12. State which of the defendants invited the plaintiff, Mrs. Effa H. McGuire, to spend the afternoon at their home on the afternoon of this occurrence. A. Both defendants."

The defendants submitted a motion to set aside the answers to questions 3, 4, 5, 7, 9, 9½, 10, 10½, on the ground that they were contrary to the evidence; a motion for judgment *non obstante veredicto* on the ground that the special findings and the evidence required a verdict in their favor; and a motion for a new trial on the usual statutory grounds. All motions were overruled.

The principal contentions of appellants may be summarized as follows:

1. The appellee was a licensee and not an invitee, and assumed any risks normally incident to the condition of the premises.

2. There was no evidence to support a finding of negligence on the part of the defendants.

3. The appellee was guilty of contributory negligence.

4. Prejudice to defendants by injection into the trial of a statement relative to insurance.

5. The finding of the jury that the injury resulted from "an unavoidable accident" is a finding that the defendants were not guilty of negligence.

The contentions will be considered in order.

Appellants not only contend that the appellee was a licensee, but that it was a question of law for the court to decide, upon the evidence, and not one for the jury. Appellants, however, are not in a very good position to urge the latter point. While they did request an instruction that the plaintiff was present in their house as a licensee, they also asked other instructions, leaving it squarely to the jury to decide whether she was a licensee or invitee. The court instructed the jury fully and explicitly with reference to the facts and circumstances necessary to establish the status of licensee or of invitee. We find nothing wrong in those instructions and the record does not show that appellants offered any objections to them. The jury's answer to question five has been heretofore noted. The finding that the plaintiff was in the defendants' home "because of beneficial reasons" is substantially a finding, under the instructions, that she was there as an invitee. There was evidence to support the finding.

On the question of negligence of defendants, the record discloses substantial evidence sufficient to support the finding, and it is not our function to weigh conflicting evidence. The husband testified that his wife, codefendant, had told him that she had slipped on the rug and fallen, before the plaintiff's accident. The plaintiff testified that her daughter-in-law told her, in a conversation sometime after the accident, that she was heartbroken because she had forgotten to throw the rug aside before she left; that it had been her custom to remove it when anyone not accustomed to it came in to take care of the child, and that she had fallen over the rug, knew it was dangerous, intended to put it aside, but overlooked it in her hurry. Defendants objected to this testimony, but make no point about its admission in their argument here. Their argument on the matter is that such testimony of the plaintiff is inconsistent with that contained in her signed statement, taken at the hospital, and that the latter is more worthy of credence. This was for the jury to decide.

We find nothing in the record that would justify this court in finding, as a matter of law, that the plaintiff was guilty of contributory negligence. Answers to questions three and four negative such a finding, and there is evidence, though somewhat meager, to support the answers.

We consider now appellant's complaint that their rights were prejudiced by the injection of an insurance feature into the trial. The defendants had introduced a written statement, which the plaintiff admitted she had signed a few days after the accident, and while she was in the hospital. In this statement she said, among other things, that she had been at her son's house many times before the accident, had walked over the rug many times and had not slipped, that the floor had been recently polished and was very slick. The statement was introduced upon the cross-examination for the purpose of discrediting her testimony on the stand. On redirect examination the following colloquy occurred:

"I did not write this statement.

"Q. Who did? A. That gentleman sitting over there. (Pointing at Mr. Barber, an attorney for defendants.)

"Q. How did it happen he came in the hospital to write a statement for you? A. He came there and said he represented an insurance company."

Counsel for defendants at once moved to have the answer stricken out, and offending counsel admonished. The court did not rule on the motion to strike, but said, addressing counsel: "You understand you are taking your chances." The record discloses nothing further on the matter except that the court, apparently on its own motion, referred to the incident in its instructions and told the jury that the action was solely between the named plaintiff and defendants and that it would be highly improper for them to discuss insurance or consider it in arriving at a verdict, and that if they did so it would be grounds for setting aside a verdict. Of course, if the statement had been offered in evidence by an insurance company, party to the action, an entirely different situation would be presented. But it was offered by the son and daughter-in-law of the plaintiff, who were the only defendants.

This court has repeatedly stressed the impropriety of injecting the question of insurance into damage actions in which insurance companies are not parties, when it is obvious that the purpose is to produce prejudice in the minds of the jury. Where the offending party secures a verdict and opposing party by timely objection and otherwise has adequately protected the right of review, the offense is regarded as so inherently prejudicial as to require reversal unless unusual circumstances are shown which justify affirmance. (*Witt v. Roper,* 150 Kan. 722, 96 P. 2d 643; *Jones v. Pohl,* 151 Kan. 92, 98 P. 2d 175.)

It is difficult to see that there was any occasion in this case to inject a reference to an insurance company except to influence the jury improperly. It is suggested, in extenuation, that it was unfair to secure the plaintiff's signature to the written statement while she was in the hospital and still suffering from her injuries. If the contention is that her mental condition was such at that time that she did not fully understand the import of the statement she was signing, that question should have been presented, in the absence of the jury, upon objection to admission of the statement and before it was read to the jury. Appellants, however, are in a poor position here for urging this insurance matter. Their only motion was to strike out the objectionable answer, and apparently even that motion was not pressed. What is more important, they did not ask that the jury be dismissed, nor does the record disclose that the question was specifically presented on the motion for a new trial. The instant decision will be based on other grounds hereinafter stated.

We now give attention to the situation presented by the jury's answers to special questions. The post-verdict motions of defendants were presented at the same time and were doubtless considered together. The first motion was to set aside certain answers, as heretofore stated. The issues raised by this motion have been disposed of in most part by what has already been said. There remain for attention the jury's findings that defendant's negligence consisted of "not warning the plaintiff." (Answers 9½ and 10½.) We cannot say that that finding is not one which the jury might reasonably make from the facts disclosed. It follows that the motion to strike was properly overruled.

Defendant's motion for judgment on the special findings, notwithstanding the general verdict, was likewise properly overruled. The motion accepted all the answers as being properly supported. In the face of the specific findings of negligence the answers as a whole obviously did not call for judgment for the defendants. They did, however, plainly call for a new trial. They were not only inconsistent in part with the general verdict, but were so plainly inconsistent with each other, on vital issues, that no judgment could properly be entered as long as they were allowed to stand. The jury found that the plaintiff's injuries resulted from the negligence of the defendants and at the same time found that they resulted from "an unavoidable accident" (answer 8). On the latter question the court had instructed the jury as follows:

"If you find that the injuries sustained by the plaintiff in this case were the result of an unavoidable accident, then you will find for the defendants. An accident in this sense might be described as an unfortunate occurrence which does not result from the carelessness or neglect of any person, but is the result of a set of circumstances for which no one should be held liable."

Appellee urges that the instruction should not have been given because it called for a conclusion, and cites *Farmer v. Central Mut. Ins. Co.*, 145 Kan. 951, 67 P. 2d 511, and *Klopfenstein v. Traction Co.*, 112 Kan. 770, 212 Pac. 1097. In the Farmer case the court stated that a question which read "Do you find the injury to the plaintiff was a mere unavoidable accident *as between the plaintiff and the driver* of the truck?" (italics ours) should not have been given, but declined to disturb the verdict. In the Klopfenstein case the word "accident" as used in the instructions was interpreted to relate solely to the plaintiff, and not to the defendant, and the answer was held not inconsistent with the general verdict. But while the propriety of giving the instruction is properly questioned by appellee, she did not object to it and is therefore in no position to complain. It became "the law of the case." It may be noted, also, that the language of the instruction is quite different from that employed in the Klopfenstein case, *supra*. In the instant instruction the term "unavoidable accident" clearly relates to *both* parties. Moreover, the court said to the jury, categorically, "If you find that the injuries were the result of an unavoidable accident, *then you will find for the defendants*." In the face of that instruction, there is little force in the argument of appellee that the inconsistency of the answers is not available for review because it was not sufficiently called to the attention of the trial court. The trial court already had such an inconsistency so definitely in contemplation that it told the jury that a finding of "unavoidable accident"—in the absence, of course, of other special findings inconsistent therewith—would *require* a verdict for the defendants. In such a situation the general verdict could not stand. (*Railway Co. v. Hamlin*, 67 Kan. 476, 73 Pac. 58; *Railroad Co. v. Holland*, 58 Kan. 317, 49 Pac. 71; *Willis v. Skinner*, 89 Kan. 145, 130 Pac. 673; *Walls v. Consolidated Gas Utilities Corp.*, 148 Kan. 896, 84 P. 2d 881; *Berry v. Weeks*, 146 Kan. 969, 73 P. 2d 1086.)

The judgment is reversed with directions to grant a new trial.

SMITH, J. (concurring specially) : I concur in the result reached in this case, but cannot concur in what is said with reference to the

insurance question. In this case the insurance company was undertaking to prepare its defense of the action and sent a representative to get a statement from the plaintiff. He did get such a statement while the plaintiff was in a hospital a few days after her injury. She testified as to certain circumstances. This statement was offered during the cross-examination of plaintiff for the purpose of discrediting her testimony. Under all the facts and circumstances, I am convinced that the statement of plaintiff with reference to the insurance company was brought out by questions that were asked in good faith by her counsel and would not alone have constituted sufficient grounds for reversal of this judgment.