No. 45,611

HENRY P. ALCARAZ, *Appellant,* v. SANDRA WELCH (BARGER), *Appellee.*

(468 P. 2d 185)

Opinion filed April 11, 1970.

*James P. Johnston,* of Sowers, Sowers, Carson and Johnston, of Wichita, argued the cause and was on the brief for the appellant.

*Jerry Elliott,* of Foulston, Siefkin, Powers, Smith and Eberhardt, of Wichita, argued the cause, and *Robert M. Siefkin,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: In this action the plaintiff seeks to recover for personal injuries allegedly sustained while riding his motorcycle which collided with a stray grocery cart on Kellogg Street in the city of Wichita, Kansas. The trial court sustained the defendant's motion for summary judgment, and appeal has been duly perfected.

The basic question is whether an agency relationship has been established by the record between the owner/occupant and the driver of a vehicle allegedly responsible for causing the grocery cart to be in the street.

The trial court determined the matter on a motion for summary judgment at the pretrial conference, but nowhere in the record on appeal is this court informed what the trial court took into consideration in ruling upon the motion for summary judgment. The journal entry recites the trial court took the matter under advisement, "and after studying the files, arguments of counsel, and being fully advised in the premises," found the motion for summary judgment should be sustained. We must, therefore, assume the trial court considered what is presented in the record on appeal, and

that no objection or challenge was made by the appellant to the testimony given in the depositions which appear in the record.

From the record it is disclosed that at approximately 1:30 a. m. on September 10, 1966, the plaintiff (appellant) was driving his motorcycle in an easterly direction on Kellogg Street in Wichita and collided with an unoccupied and unmanned grocery cart owned by Farha Red Bud Super Market. The record is completely silent as to exactly how the grocery cart came to be on Kellogg Street.

The plaintiff initially sued Farha Red Bud Super Market, Randy Barger, Sandra Welch (Barger) and G. N. Welch, father of Sandra. The plaintiff initially alleged that Randy, in the company of Sandra, pushed or dragged the grocery cart from the Farha Red Bud Super Market onto Kellogg Street.

The plaintiff subsequently amended his petition to allege that Randy and Sandra were engaged in a joint venture and/or that Randy was Sandra's agent. In the trial court Farha Red Bud Super Market was dismissed from the suit by a stipulation of the parties; the motion for summary judgment of the defendant, G. N. Welch, was sustained, and no appeal was taken from such order; and the motion of the defendant, Randy Barger, to dismiss on the ground that he was a minor and not properly served by summons in the case was likewise sustained, and no appeal has been taken from such dismissal. The remaining defendant, Sandra Welch (Barger) is the appellee herein.

At the time of the incident in question Randy Barger and Sandra Welch were dating each other, but prior to the presentation of this matter to the trial court they were married. At the time in question Randy worked at a Safeway Store in Wichita, and Sandra picked him up at that place in her automobile when Randy got off work. Sandra's automobile was a 1965 MG midget convertible, green in color. It was titled jointly in Sandra and her mother. Randy had previously made arrangements with a friend named Chuck, and Randy and Sandra went to Chuck's house for a while after work. Neither Randy nor Sandra had anything of an alcoholic nature to drink during the night in question. Later Randy drove Sandra's car to the Farha Red Bud Store accompanied by Sandra, where he attempted to cash a payroll check and purchase some cokes. The check for approximately $40 was too large for the store to cash at that late hour, so Randy and Sandra left the store and returned to Sandra's car in the parking lot. Sandra entered the car on the passenger side.

Before Randy entered the car on the driver's side he noticed a grocery cart close to the rear of the car on the driver's side; the cart was not there when they entered the store. Before Randy got into the car he took the grocery cart and pushed it back toward the store front. He then got into the driver's side of Sandra's car and drove out the side exit of the parking lot to Sandra's home in Derby. Randy never touched the cart while in the auto, nor did he cause the auto to touch the cart in any way. Randy and Sandra did not know an accident had occurred involving a grocery cart until sometime later.

On the night in question Randy drove wherever he wanted to get his check cashed and Sandra said nothing as to where he should go. She exercised no control over Randy in the operation, driving or routing of her automobile as to how or where it was to be driven, although she could have expressed her opinions to him if she felt it to be necessary. Sandra relied on Randy to drive in a careful manner and he had driven her car before. On the night in question he was driving her automobile with her permission.

A sketch drawn by Randy when his deposition was taken is marked defendant's exhibit No. 2 and appears in the record. It discloses the location of the Farha Red Bud Super Market with respect to Kellogg Street and the parking lot. Randy marked the spot on the parking lot where he had parked Sandra's automobile, where the grocery cart was located, and the direction in which he pushed the cart. It also shows the drive entrance and exit to the parking lot. It may be inferred, had the grocery cart turned to the left in its route, it could have gone out of the driveway entrance and onto Kellogg Street, but there is nothing in the record to disclose that it did.

The first point asserted by the appellant is that the trial court erred in ruling that the defendant, Randy Barger, was not the agent in law of Sandra Welch (Barger) prior to, during and at the time of the negligent acts alleged.

The appellant says in his brief:

"In order to properly apprize the court of the true significance of this issue, it must be stated that the liability insurance policy covering Sandra Welch (Barger) at the time of the accident, excluded coverage for a driver under the age of 25, enrolled as a student in any university or educational institution. Therefore unless Barger can be held as the agent of Sandra Welch Barger there will be no insurance applicable to the accident."

Whether the "true significance" of this case to the appellant depends on his ability to collect a judgment, if one should be recovered, is immaterial. The record herein is completely devoid of any statements, testimony or pleadings concerning insurance coverage. Accordingly, the question of insurance coverage is not an issue in this case. By statute, evidence of insurance is specifically inadmissible as having probative value on an issue of negligence or liability. (K. S. A. 60-454.) Moreover, it is established law in this state that the knowing injection of liability insurance coverage by the plaintiff into a negligence lawsuit is inherently prejudicial and grounds for mistrial. (*McGuire v. McGuire*, 152 Kan. 237, 240, 103 P. 2d 884; and *Coffman v. Shearer*, 140 Kan. 176, 34 P. 2d 97.)

The issues here involved are of negligence, and the imputability of such negligence, if any. Insurance coverage, or the lack thereof, has no significance in this appeal at all.

The appellant concedes in his brief Randy and Sandra were not engaged in any joint enterprise at the time of the incident here involved, and that this is not a joint venture case. As a result, the only issue concerning imputability of Randy's negligence is one of "pure agency" of the *respondeat superior* variety.

The appellant relies upon the annotation in 50 A. L. R. 2d 1281 for the proposition that in the absence of evidence to the contrary, the legal relationship between the owner of a motor vehicle who is present and a person who drives it with his permission is that of principal and agent or master and servant, and therefore, the owner is liable for damages caused to a third person by the driver's negligence. He also relies upon *Rodgers v. Arapahoe Pipe Line Co.*, 185 Kan. 424, 345 P. 2d 702, Syl. ¶ 3, for the proposition that there may be an implied intention to create an agency. The appellant cites us to many cases from other jurisdictions which support the statement made in the above A. L. R. annotation.

We think it unnecessary to engage in an academic discussion on the question of Randy's agency while driving the automobile owned by Sandra and in which she was a passenger. Assuming, arguendo, the grocery cart which was struck by the appellant's motorcycle on Kellogg Street is the same cart close to Sandra's automobile which Randy pushed in the Farha Red Bud parking lot, the alleged negligent conduct of Randy, which the appellant seeks to impute to Sandra, is the act of pushing the grocery cart toward the grocery store building. This act occurred *before* Randy ever en-

tered into the auto in the parking lot. Randy never touched the cart while in the auto, nor did he cause the auto to touch the cart as he was driving out of the Farha Red Bud parking lot.

The cases relied upon by the appellant only impute to an owner/ occupant the negligent acts of a driver committed while driving the automobile. It is the negligent operation of the vehicle which is imputed under the doctrine of *respondeat superior.*

In the case at bar the alleged negligent act of Randy occurred at a point in time and at a place when Randy was neither driving nor operating nor even sitting in the automobile in question.

Assuming Randy's negligent driving could be imputed to Sandra (*contra,* see *Angell v. Hester,* 186 Kan. 43, 348 P. 2d 1050; *Hunter v. Brand,* 186 Kan. 415, 350 P. 2d 805; *Schmid v. Eslick,* 181 Kan. 997, 317 P. 2d 459; *Zeeb v. Bahnmaier,* 103 Kan. 599, 176 Pac. 326, rehearing denied 103 Kan. 895, 176 Pac. 643; and *Snyder v. Eriksen,* 109 Kan. 314, 198 Pac. 1080), no law has been cited to this court which would hold Sandra responsible for the negligent acts of Randy committed before he entered the auto. If such were the law, then Sandra may likewise be responsible for Randy's negligent acts committed while he was inside the grocery store.

By no stretch of the imagination can Randy be called the agent of Sandra for activities occurring outside the vehicle in question. On the record here presented she had no right of control over Randy, her fiancée, while he was on the parking lot prior to entering the auto. (See *Zeeb v. Bahnmaier,* supra.)

Since the alleged negligent act of Randy occurred before he entered Sandra's automobile, there is no basis in agency law to support a holding that Sandra is responsible for Randy's negligence.

Cases in this jurisdiction have consistently held the mere ownership of an automobile will not support an agency, and will not support liability. (*Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863; *Zeeb v. Bahnmaier,* supra; *Tice v. Crowder,* 119 Kan. 494, 240 Pac. 964; and *Stilwell v. Faith,* 142 Kan. 730, 52 P. 2d 635.)

In the *Tice* case the court said:

"In an action against the owner of an automobile for damages resulting from an automobile collision occasioned by the negligent operation of the trespassing car by another than the owner, proof of ownership does not make a *prima facie* case of liability, or raise a presumption of liability, on the part of the owner. . . ." (Syl. ¶ 1.)

In *Stilwell* the court said:

". . . It is trite and settled law in this jurisdiction that liability for an automobile accident does not attach to the owner of the car from the mere fact of ownership nor from the fact that he may have been riding in it at the time of the accident. . . ." (p. 732.)

The appellant contends the trial court erred in ruling there was nothing in the evidence to indicate that Sandra was individually negligent in her own capacity.

The argument asserted by the appellant on this point is that an owner may be negligent "if he permits an incompetent and negligent driver to drive and especially where the owner remains in the car and fails to protest against careless driving." (Citing, *Robe v. Ager et al.*, 80 S. D. 597, 129 N. W. 2d 47.)

There is no evidence whatever in the record to disclose that Randy was an incompetent driver. The rule asserted by the appellant, therefore, has no application to the case at bar. Furthermore, the record discloses Randy was not driving when the alleged negligent act occurred. Accordingly, Sandra could not be independently negligent because there is absolutely no evidence in the record to support the appellant's argument that Sandra permitted an incompetent driver to operate her automobile.

Upon the record here presented the trial court properly sustained the motion of Sandra for a summary judgment.

The judgment of the lower court is affirmed.