No. 47,541

STATE FARM FIRE AND CASUALTY COMPANY, *Appellee*, v. DAVID HORNBACK and CAROL HORNBACK, *Appellants*.

(535 P. 2d 441)

Opinion filed May 10, 1975.

*R. L. White*, of Pittsburg, argued the cause, and *J. Curtis Nettels*, also of Pittsburg, was with him on the brief for the appellants.

*Blake Hudson*, of Fort Scott, argued the cause, and *Douglas G. Hudson* and *David Mullies*, also of Fort Scott, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: State Farm Fire and Casualty Company insured a dwelling owned by James L. Kelly against loss by fire. David and Carol Hornback occupied the residence as tenants of Kelly. On November 18, 1971, a fire occurred at the residence and State Farm was obligated under the policy to pay for the damage in the amount of $3,650.54.

State Farm, acting as subrogee of the rights of Kelly, sued the Hornbacks, contending the fire and damage was a direct result of their negligence. A jury trial resulted in a verdict in favor of State Farm. The Hornbacks moved for a new trial based on the failure of the trial court to discharge seven prospective jurors who were policyholders of State Farm and the injection of liability

insurance into the case. The trial court denied the motion and the Hornbacks appeal.

Before reaching the merits of this appeal, we should respond to an argument made by State Farm that various proceedings material to the appeal were not recorded at the trial. Specifically, the *voir dire* examination was not recorded by the court reporter and there was also an unrecorded communication during the trial when the attorneys approached the bench to discuss the cross-examination of a witness. No explanation is offered by either party for the failure to record these proceedings. The content of both proceedings is essential to a proper determination of the issues. For purposes of this appeal, and pursuant to Rule 6 (*m*) of the Supreme Court of Kansas, the Hornbacks submitted to the trial court for approval a statement of material proceedings not recorded by the court reporter. After objections and corrections by State Farm, the trial court filed a statement concerning these unrecorded proceedings which was made part of the record on appeal.

Supreme Court Rule 6 (*m*) (214 Kan. xxv) provides for the following procedure on appeal when no stenographic report was made:

"In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments thereto within ten (10) days after service upon him. Thereupon, the statement, with objections or proposed amendments, shall be submitted to the judge of the district court for settlement and approval and as settled and approved shall be included in the record on appeal."

State Farm contends that under the circumstances of this case anything included in the record which was not reported by the court reporter is improperly before this court. It points out there was a court reporter present and either party could have made a record of the proceedings. Although State Farm acknowledges a literal reading of Rule 6 (*m*) would appear to permit this procedure, it argues the rule was promulgated in order to allow the formation of a record only when the absence, death or disability of a reporter, or the loss of the reporter's notes, made it impossible to form a record of the proceedings in the usual manner.

We cannot agree with State Farm on this point. On its face, Rule 6 (*m*) evidences no such limitation and we see no justification for reading one into it. Rule 6 (*m*) was adopted by this court to

afford an appellant the opportunity to include in the record a statement of the evidence or proceedings when, for one reason or another, no stenographic report was made. This procedure is subject to the discretion of the trial court and is properly denied when an abuse or bad faith on the part of the appellant is shown. It is not necessary, however, for the appellant to show that it was impossible for a stenographic report to be made.

Here, there is no allegation of bad faith on the part of the Hornbacks in failing to record the proceedings in question. Pursuant to Rule 6 (*m*), they submitted to the trial court their version of the material proceedings not recorded. State Farm's objections and corrections were likewise submitted to the trial court. Based on these statements, as well as its own recollections, the trial court approved a final version of the proceedings which was included in the record. We find no abuse of discretion.

The Hornbacks' first point on appeal relates to the trial court's failure to excuse seven veniremen who were then policyholders of State Farm. Their statement of material proceedings not recorded by the court reporter, hereinbefore determined to be properly included in the record, indicates that during the *voir dire* examination seven members of the panel of eighteen prospective jurors stated they were policyholders of State Farm. Some of the prospective jurors had insurance coverage on family motor vehicles, whereas others stated they had coverage on both residences and automobiles. Prior to the final selection of the jury, the Hornbacks moved the court for an order striking from the panel of prospective jurors the seven State Farm policyholders. The motion was overruled by the trial court. Three State Farm policyholders were removed from the panel by peremptory challenges—two by the Hornbacks and one by State Farm. Thereafter, four State Farm policyholders were selected as members of the jury.

The Hornbacks contend the trial court's action in refusing to sustain their challenge for cause denied them a fair trial and constitutes reversible error. It is a universally accepted rule of law that a litigant in a civil action tried by a jury is entitled to a fair and impartial jury, and error in overruling a challenge to a juror will be ground for reversal where a party is prejudiced thereby. (47 Am. Jur. 2d, Jury, § 267, p. 844; 50 C. J. S., Juries, § 208, p. 944.)

Challenges for cause are statutorily prescribed in K. S. A. 1974 Supp. 60-247 (*b*), which provides that all challenges for cause or favor, whether to the array or panel or to individual jurors, shall

be determined by the court. We have stated that the provisions of 60-247 (*b*) contemplate all challenges for cause of prospective jurors to be determined by the trial judge in the exercise of his sound discretion, and the trial court's determination will not be disturbed unless it appears it abused its discretion. (*Ridglea, Inc. v. Unified School District,* 206 Kan. 111, 476 P. 2d 601; *Parnell v. Security Elevator Co.,* 174 Kan. 643, 258 P. 2d 288.)

Neither party has been able to find any cases from this state which are factually in point with the instant case, and our research has likewise failed to reveal any Kansas cases in which the jurors were policyholders. In *Ridglea,* sixteen of the eighteen prospective jurors were taxpayers of the school district that brought suit. We held that fact alone did not absolutely disqualify them from serving as jurors. Our reasoning was that the interest of a taxpayer is too remote and too minute to overbalance his innate sense of justice and fairness to all parties concerned. This was a proper matter for the discretion of the trial court and under the circumstances no abuse of discretion was shown.

In support of their position, the Hornbacks cite four cases from other jurisdictions. Three of the cases, *Chestnut v. Ford Motor Company,* 445 F. 2d 967 (4th Cir. 1971); *Texas Power & Light Company v. Adams,* 404 S. W. 2d 930 (Tex. Civ. App. 1966); and *Rogers v. McKinley,* 52 Ga. App. 161, 182 S. E. 805, are distinguishable from the present case in that they involved jurors who were stockholders. As stockholders, they would have a definite pecuniary interest in the outcome of the litigation. In the instant case there has been no showing by the Hornbacks that the policies were assessable or that the policyholders' pecuniary interest might be affected by the result of the trial.

The fourth case cited by the Hornbacks is *Kendall v. Prudential Life Insurance Co. of America,* 319 S. W. 2d 1 (Mo. App. 1958). This was an action brought against Prudential on a life insurance policy, and on *voir dire* it was discovered that four of the veniremen were policyholders in the defendant mutual insurance company. The trial court overruled the plaintiff's challenge for cause and on appeal it was held to be error. The Hornbacks overlooked the fact this case was later reversed by the Missouri Supreme Court in *Kendall v. Prudential Insurance Co. of America,* 327 S. W. 2d 174 (Mo. 1959). The failure of the trial court to sustain the plaintiff's challenge for cause was upheld as a proper exercise of discretion. The court said:

" 'It is fundamental that jurors should be thoroughly impartial as between the parties. The right to unbiased and unprejudiced jurors is an inseparable and inalienable part of the right to a trial by jury guaranteed by the Constitution. . . .' . . . 31 Am. Jur. 148, Sec. 171; see also 50 C. J. S. Juries § 125, p. 847. . . . Such bias, inferred from interest, is also the basis for disqualification of members of a mutual insurance company, liable to be assessed to pay losses incurred. . . . There is no showing or claim in this case that the challenged veniremen had assessable policies or that any policies of defendant were assessable. Thus we do not have here a situation like municipal taxpayers or assessable policyholders . . . because these veniremen could not be required to contribute any amount to the payment of a judgment for plaintiff. Furthermore, there was no showing as to what kind of policies these veniremen had, whether they were entitled to any dividends or even paid premiums. . . .

"While we agree that an employee or agent of a defendant . . . is subject to challenge for cause, we also agree with the indication made in Barb v. Farmers Insurance Exchange, supra, that a challenge for cause is not required to be sustained as to every kind of policyholder under all circumstances. In view of modern widespread use of all kinds of insurance, such a rule would be unreasonable at least as to those with nonassessable policies or those who do not participate in policy dividends. . . .' " (pp. 177, 178.)

We concur with these statements of the Missouri court, especially the stated rule that a challenge for cause is not required to be sustained as to every kind of policyholder under all circumstances. In accord with the directives of K. S. A. 60-247 (*b*) this is a matter for the discretion of the trial court and we cannot say as a matter of law that holders of nonassessable policies are disqualified from sitting on a jury. For further expressions of this same view see *Kanzenbach v. S. C. Johnson & Son, Inc.*, 273 Wis. 621, 79 N. W. 2d 249; *Mellinger v. Prudential Ins. Co.*, 322 Mich. 596, 34 N. W. 2d 450; and *Morris v. Duker*, 414 S. W. 2d 77 (Mo. 1967).

Examining the record in light of these principles, we hold the trial court did not abuse its discretion in permitting the four policyholders to sit on the jury. There was no showing that any of these policies were assessable or that the outcome of the suit would affect their pecuniary interest as policyholders.

The other claim of error is that the trial court should have declared a mistrial or granted a new trial when the existence of their liability insurance coverage was improperly injected into the case. As previously noted, State Farm's prinicpal allegation in the trial court was that the fire at the insured premises was a result of the negligence of the Hornbacks. In order to show the negligence of the Hornbacks, State Farm called two witnesses whose testimony was to the effect the fire originated in the kitchen and was possibly

attributable to burning wax fumes from Mrs. Hornback's candle-making.

To refute this evidence of negligence, the Hornbacks called Ray Ryan as a witness on their behalf. Ryan testified on direct examination that he was an insurance agent and that he sold the Hornbacks an insurance policy. He further stated he examined the burned premises and in his opinion the fire was caused by a possible wiring short.

Prior to cross-examination of the witness, both attorneys approached the bench, and State Farm's counsel informed the court he intended to question Ryan concerning his appearance at the fire and whether he was an agent of Travelers Insurance Company. Counsel for the Hornbacks objected to the introduction of any testimony relating to liability insurance. The trial court then ruled that Ryan could be asked whether he was representing Travelers at the time he made the investigation on the theory this was proper evidence to show interest or bias on the part of the witness.

Based on the trial court's ruling, counsel for State Farm asked Ryan the following questions:

"Q. What insurance company were you there representing?
"A. I was representing the Travelers Insurance Company.
"Q. And you were carrying insurance on Mr. and Mrs. Hornback's property?
"A. Yes, sir.

. . . . . . . . . . . . .

"Q. Now, Mr. Ryan, it is true, isn't it, that the Travelers Insurance Company not only insured the personal property owned by the Hornbacks but that you also carried liability insurance covering this loss?
"A. That is included in the coverage.
"Q. So that if any judgment is rendered against the Hornbacks, the Travelers would be required to pay that judgment?
"A. Regarding the liability?
"Q. Yes.
"A. Yes."

We have held as a general rule that the deliberate injection of liability insurance coverage by the plaintiff into a negligence lawsuit is inherently prejudicial and is ground for mistrial. (*Alcaraz v. Welch*, 205 Kan. 163, 468 P. 2d 185; *Bott v. Wendler*, 203 Kan. 212, 453 P. 2d 100.) Justification for such a strict rule is founded in the belief that such evidence is usually irrelevant to any of the issues in the case and it may operate to unduly influence the jurors in their verdict. We have recognized, however, that the foregoing rule is qualified by a number of exceptions. One of the exceptions

was illustrated in *Dirks v. Gates*, 182 Kan. 581, 322 P. 2d 750. We stated:

"An order declaring a mistrial is not proper by reason of the mention of the word *insurance* in the evidence offered by a plaintiff where prior thereto the defendant, for purposes of impeachment, introduces and cross-examines in regard to written statements made by witnesses for plaintiff to an adjuster for the liability insurance carrier of the defendant." (Syl. ¶ 4.)

In the instant case, the trial court allowed the questioning of witness Ryan concerning the Hornbacks' insurance for the express purpose of showing interest or bias of the witness in testifying as to his opinion of the cause of the fire. We approve the trial court's action.

We hold it is not error to disclose the existence of a liability insurance policy covering the occupants of a dwelling damaged by fire for the purpose of showing interest or bias of a witness-insurance agent who sold the policy and who testified it was his opinion the fire was caused by an act not covered by the policy.

Affirmed.

FROMME, J., not participating.