(923 P.2d 1056)

No. 74,662

ROBERT FELIX, *Appellee,* v. TURNER UNIFIED SCHOOL DISTRICT No. 202, *Appellant.*

Opin-
ion filed September 13, 1996.

*Paul Hasty, Jr.,* and *Sean T. McGrevey,* of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Overland Park, for appellant.

*James E. Kunce,* of Overland Park, for appellee.

Before PIERRON, P.J., ELLIOTT and MARQUARDT, JJ.

MARQUARDT, J.: Turner Unified School District No. 202 (Turner) appeals from the district court's judgment awarding damages, attorney fees, and costs to Robert Felix.

On May 25, 1994, Robert's son, Christopher Felix, was driving Robert's 1989 Ford Mustang east on Berry Road in Wyandotte County, Kansas. As Christopher entered an "S" curve near 65th and Berry Road, he encountered a westbound Turner school bus. The car hit a guardrail and was damaged.

Turner stipulated to ownership of the school bus and the damage estimate for Robert's car.

At the close of Robert's case, Turner "move[d] for judgment," arguing that Robert had failed to show an essential element of his case—that the school bus driver was Turner's agent. The district court denied the motion without further comment.

The school bus driver, Howard L. Bell, testified for Turner, stating that the Mustang was in the middle of the road and that he drove the bus into the ditch on the right side of the road. At 3:25 p.m., when the accident happened, Bell was transporting children home that he had picked up at Highland Middle School.

The district court awarded Robert judgment in the amount of $403.15; attorney fees of $790, pursuant to K.S.A. 60-2006; and costs of $18.50.

Turner argues that the district court erred in denying its motion for a directed verdict because Robert failed to prove that the school bus driver was Turner's agent.

Turner challenges the district court's denial of its motion for a directed verdict. The standard for both granting and reviewing a directed verdict is well established:

"In ruling on a motion for directed verdict pursuant to K.S.A. 1992 Supp. 60-250, the court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought and, where reasonable minds could reach different conclusions based on the evidence, the motion must be denied and the matter submitted to the jury. This rule must also be applied when appellate review is sought on a motion for directed verdict." *Hurlbut v. Conoco, Inc.*, 253 Kan. 515, 524, 856 P.2d 1313 (1993).

Robert argues that Turner had admitted to the agency relationship and that there was sufficient evidence of an agency relationship between Turner and the school bus driver. This argument is contrary to the pleadings and evidence. In paragraph 5 of Robert's petition, he alleged: "On or about May 25, 1994, school bus No. 23 was being operated by defendant's agent and driver, within the scope of his employment, and was done so in a careless and negligent manner . . . ."

Paragraph 1 of Turner's answer stated that "all allegations of fact and conclusions of law in plaintiff's Petition are denied except those admitted herein." Turner's answer did not admit paragraph 5 of Robert's petition. K.S.A. 60-208(b) expressly allows the defendant

to "generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits." While Turner could have specifically denied the agency relationship prior to its oral motion for directed verdict, Turner did not admit that the agency relationship existed.

"Cases in this jurisdiction have consistently held the mere ownership of an automobile will not support an agency, and will not support liability." *Alcaraz v. Welch*, 205 Kan. 163, 167, 468 P.2d 185 (1970).

Turner relies on the above rule and argues that while Turner stipulated to ownership of the school bus, Robert failed to prove that the bus driver was an agent or employee of Turner.

*Tice v. Crowder*, 119 Kan. 494, 240 Pac. 964 (1925), contains an extensive discussion of the relationship between the ownership of an automobile and respondeat superior. The rule in Kansas is that there is no "general presumption or assumption that one in possession of another's vehicle is the servant, employee or agent of the owner and acting for the owner." 119 Kan. at 497-98.

In *Tice*, 119 Kan. at 501, the court also stated that it was in accord with and quoted from *Trombley v. Stevens-Duryea Co.*, 206 Mass. 516, 519, 92 N.E. 764 (1910), as follows:

" 'But to recover, the plaintiff also was required to offer some evidence of the defendant's responsibility for the driver's negligence . . . . [T]here is no presumption from his mere physical possession that the person operating the automobile was the servant or agent of the corporation. He may have hired or borrowed it or wrongfully appropriated it to his own use, and in neither event would the defendant be chargeable with his misconduct.' "

Thus, in Kansas, ownership of an automobile alone is not sufficient to impute the negligence of the driver to the owner. Here, in addition to evidence of ownership, there was evidence that the school bus was being used in a business purpose—transporting school children. Evidence of that business purpose, however, does not establish an agency or employment relationship between Turner and the bus driver.

"Respondeat superior imposes vicarious liability on the employer for the negligent driving *of the employee*." (Emphasis added.) *Overbaugh v. Strange*, 254 Kan. 605, 614, 867 P.2d 1016 (1994). Un-

der the doctrine of respondeat superior, "the employer's liability is based on the acts of an agent or employee." *Smith v. Printup*, 254 Kan. 315, 336, 866 P.2d 985 (1993); see PIK Civ. 2d 7.06; PIK Civ. 2d 7.12.

"The burden of establishing the agency is on the party asserting it." *Hand Realty Co. v. Meyers*, 234 Kan. 304, 307, 672 P.2d 583 (1983) (real estate broker case).

It is possible that Bell was an independent contractor or the employee of an independent contractor. Bell's employment, agency, and negligence were all denied by Turner in its answer.

In *Tice*, 119 Kan. at 499, the court noted that "the process of subpoena makes available to a plaintiff every fact within defendant's knowledge." Similarly, in *Chandler v. New Moon Homes, Inc.*, 418 S.W.2d 130, 133 (Mo. 1967), the court noted that the plaintiff never attempted to determine if the truck driver was the defendant's employee through interrogatories or by deposition. The availability of such discovery devices prevents the burden of requiring the plaintiff to prove the existence of an agency or employment relationship from becoming too onerous. Here, one interrogatory question could have established whether the school bus driver was an employee of Turner.

Robert did not prove that Bell was an employee or agent of Turner and, therefore, Robert failed to establish his case. Thus, the district court erred in not granting Turner's motion for a directed verdict.

We reverse due to Robert's failure to prove that Bell was an employee or agent of Turner.

Turner also argues that the award of attorney fees for work done prior to the filing of the lawsuit is not authorized by K.S.A. 60-2006. The award of attorney's fees is also reversed.

Reversed.